[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant has moved to suppress as evidence in this case, a gun and marijuana contained in a nylon bag, which items were seized by police during a warrantless search of premises known as 13 English Street, Apt. B-2, New Haven, Connecticut. The State opposes the motion on three grounds. First, the State claims that the defendant has no standing to challenge the search in question. Second, under the circumstances, there can be no reasonable expectations of privacy on the part of the defendant in the area where the items in question were located. Third, the State maintains that there was voluntary consent to search the place where such items were found which was given by the tenant in possession of the subject premises.
The Court agrees with the arguments set forth by the State and therefore the motion to suppress must be denied.
Based upon the testimony elicited from Leon Telford and Det. Bernard Elliot at the hearing on the motion to suppress, the Court finds the following facts to have been proven by a preponderance of the evidence.
On July 31, 1995, members of the West Haven Police, the New Haven Police, and the F.B.I. went to 13 English Street armed with CT Page 8207 an arrest warrant in order to secure the arrest of the defendant. Upon their arrival, they were met by Leon Telford who was a tenant of 13 English Street, Apt. B-2.
The persons present in the apartment on July 31, 1995 consisted of Leon Telford, Andre Rhodes, Telford's two children and the defendant's son and step son. The defendant had been present in the apartment for one-half hour to one hour for the purpose of visiting his children while Telford was baby-sitting for them. The defendant was not an overnight guest nor had he ever been an overnight guest in this apartment.
Leon Telford voluntarily gave consent to the police to search the apartment and signed a written consent form. Telford knew he did not have to give his consent to search and did so voluntarily. During the search of the premises, the police located a nylon bag in a closet located between the kitchen and living room. The closet was a "scrap closet" in which Telford kept his "junk", the door to which was closed. No one but Telford had permission to use that closet. The bag in question contained marijuana and a gun which are the objects which are sought to be
In the opinion of the court, the issue of consent is dispositive, The State has established by a preponderance of the evidence, that consent was fully and voluntarily given by Telford, which as the tenant of the premises he had the authority to give. See State v. Jones, 193 Conn. 70, 79 (1984). Indeed this is not even a situation where it can be claimed that the area searched was under the common authority of the defendant and Telford, raising the issue of whether Telford's consent was such that the evidence seized could be sued against the defendant. SeeUnited States v. Matlock, 415 U.S. 164 (1974). Here, the defendant was merely a transitory guest who did not have his host's permission to use the closet from which the items in question were seized.
While the issue of consent, in the opinion of the court, is dispositive, the other areas raised by the state warrant discussion. The protection afforded by the Fourth Amendment against unreasonable search and seizures is limited to those areas where an individual harbors a reasonable expectation of privacy. State v. Reddick, 207 Conn. 323, 329 (1988). The relevant determination entails a two part inquiry: first, whether the individual has exhibited a subjective expectation of privacy, and second, whether that expectation is one which society CT Page 8208 recognizes as reasonable. Katz v. United States, 389 U.S. 347,361 (1967). Even assuming the defendant had a subjective expectation of privacy, that expectation cannot be recognized as reasonable given his status at 13 English Street and the fact that the seized items were in an area over which he had no control, authority, or permission to use.
With respect to the issue or standing, no cases have been brought to the Court's attention which hold that a person in the position of the defendant has standing to challenge the search at issue. The defendant asks the Court to apply the reasoning ofMinnesota v. Olson, 495 U.S. 91 (1990) to the case at hand: It appears to the Court that the issue of standing is intertwined with that of whether the defendant had a reasonable expectation of privacy so as to enable him to invoke the protection of the Forth Amendment. Since the Court has determined that such expectation is not present in this case, further analysis in terms of standing would appear to serve no useful purpose.
Accordingly, for the reasons set forth above, the defendant's motion to suppress the items seized at 13 English Street, Apt. B-2 on July 31, 1995 is denied.
THOMPSON, J.